AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | )  Case No. 17-5002-SNOW |
| Bryan Nilsen Cortez Gongora, Elpis Jorge Rosales Caicedo and Jose Antonio Solis-Rodriguez | ) |
|  | ) |
|  | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 30, 2016** in the county of **Monroe** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with the intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503; all in violation of 46 U.S.C. § 70506(b). Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(G), it is further alleged that this violation involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Francis Escobari, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/18/17

_____
*Judge's signature*

City and state: Key West, Florida

Lurana S. Snow, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Francis Escobari, being duly sworn, depose and state:

1. I am employed as a Special Agent with Homeland Security Investigations (HSI), United States Department of Homeland Security, and I have been so employed since 2009. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 19, 21 and 46 of the United States Code. As a Special Agent with the HSI, I have participated in numerous narcotics investigations involving physical and electronic surveillance, execution of search and arrest warrants, the control and administration of confidential sources, international drug importations, and domestic drug distribution organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers. I also have spoken on numerous occasions with informants, suspects, and experienced narcotics investigators concerning the manner, means, methods, and practices that drug traffickers use to further the operation of their drug trafficking organizations and the most effective methods of investigating and dismantling drug trafficking organizations.

2. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 19, 21, 31 and 46 of the United States Code.

3. The information contained in this Affidavit is submitted for the sole purpose of establishing probable cause to arrest Bryan Nilsen CORTEZ Gongora, Elpis Jorge ROSALES Caicedo and Jose Antonio SOLIS Rodriguez, for violations of Title 46, United State Code, Sections 70503(a)(1) and 70506(b), that is, having knowingly and willfully conspired to possess

with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States.

4. Because this Affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all of the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this Affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation as well as my review of records, documents, and other physical items obtained during the course of this investigation.

5. On May 11, 2016, while on routine patrol in the Eastern Pacific Ocean, a helicopter from the United States Navy Ship ("USS") *LASSEN*, detected a go-fast vessel (GFV) approximately 178 nautical miles west of Manta, Ecuador, in international waters and upon the high seas. Visible on deck were three individuals, a tarp and packages. The USS *LASSEN*, with a United States Coast Guard ("USCG") Law Enforcement Detachment Team ("LEDET") on board, was approximately 18 nautical miles from the GFV and was tasked to intercept and investigate.

6. The helicopter assumed an overt posture near the GFV. The helicopter crew then observed the GFV make various course and speed changes. The crew of the GFV was also observed jettisoning packages of suspected contraband overboard. The crew of the helicopter commanded the GFV to heave to, in both English and Spanish, on Channel 16. The GFV continued evasive tactics requiring the helicopter to employ warning shots. After employing warning shots, the GFV became compliant and ceased evasive maneuvers. The *LASSEN* launched

its over-the horizon (OTH) vessel to investigate.

7. When the OTH arrived on the scene, they identified themselves as the USCG and ordered the three crew members aboard to raise their hands and move towards the bow of the GFV, to which the crew members complied. The crew of the OTH then conducted a Right of Visit boarding of the GFV. The GFV bore no indicia of nationality, in that it was not flying a flag or ensign, nor were any other markings observed on the hull identifying home port, port of registry, or vessel registration numbers. The GFV did have the name YAIR ZETE on the bow.

8. Bryan Nilsen CORTEZ Gongora identified himself as the master and made a verbal claim of Ecuadorian nationality for the vessel and all crew members. The Government of Ecuador was contacted. The Government of Ecuador responded that they could neither confirm nor deny the nationality of the vessel and the GFV was treated as a vessel without nationality. The other two crew members identified themselves as Elpis Jorge ROSALES-Caicedo and Jose Antonio SOLIS-Rodriguez, both Ecuadorian nationals.

9. The *LASSEN*, which had launched a second OTH to conduct a thorough search of the debris field, subsequently retrieved thirteen (13) packages. A field test conducted of the contents of one of the packages was positive for the presence of cocaine. The total weight was estimated at approximately 516 kilogram for all 13 packages.

10. The three crewmembers and thirteen (13) packages were transferred to the *LASSEN*. Subsequently, the three crew members and a representative sample of cocaine were transferred to the USCG Cutter *MOHAWK*.

11. On May 30, 2016, the USCG Cutter *MOHAWK* arrived at Key West, Florida, where CORTEZ-Gongora, ROSALES-Caicedo, and SOLIS-Rodriguez first entered the United

States. The United States Coast Guard transferred the custody of the three crewmembers and a representative sample of cocaine to law enforcement agents.

12. Based on the foregoing facts, your Affiant submits that probable cause exists to believe that Bryan Nilsen CORTEZ Gongora, Elpis Jorge ROSALES Caicedo and Jose Antonio SOLIS-Rodriguez, while on board a vessel subject to jurisdiction of the United States, did knowingly and willfully conspire to possess with intent to distribute a controlled substance, that is five kilograms or more of cocaine, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER AFFIANT SAYETH NAUGHT.

*Francis Escobari*
FRANCIS ESCOBARI
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn to and subscribed before me this the 18 day of January, 2017.

*Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

4